**PENNINGTON GROCERY CO. v. SCHMIDT & ZEIGLER, LTD.**

---

(Jan. 31, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Carriers—Par. 109; Sales—Par. 58, 112, 116.

Under a contract stipulating that delivery should be made to the carrier for account of the buyer, the carrier is the agent of the buyer and delivery to it is delivery to the buyer. But the cost of delivery is at the expense of the seller and where the seller of 200 barrels of sugar, packs the sugar in barrels not suitable for the purpose and the sugar is damaged in transit due to the bursting of the barrels the seller is responsible.

Appeal from Civil District Court, Division "C". Hon. Porter Parker, Judge.

Action by Pennington Grocery Company against Schmidt & Zeigler, Ltd.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Dart, Kernan & Dart, of New Orleans, attorneys for plaintiff, appellee.

Dufour, Goldberg & Kammer, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The defendant, Schmidt & Zeigler, Ltd., of New Orleans, sold the Pennington Grocery Co., of Ardmore, Oklahoma, 200 barrels of sugar under a contract which provided, in effect, that delivery should be made to the carrier for account of the buyer.

The sugar was damaged in transit to the extent of $518.11 and the buyer, plaintiff herein, sued the seller, defendant herein, and the carrier, in solido. An exception of non-joinder was filed and plaintiff compelled to elect as to which defendant he would litigate with. He chose the carrier and entered a non-suit as to this defendant. The trial of that suit resulted in a judgment for defendant, it appearing that the carrier was without fault. Thereupon plaintiff brought this suit, in which the foregoing is recited and it is further alleged that the damage to the sugar was entirely due to the "negligent manner in which Schmidt & Zeigler, Ltd., prepared said sugar for shipment and in which it loaded the same in the railroad car".

It is also alleged that plaintiff is entitled to recover the cost of the first suit $156.65 as being occasioned by defendant's negligence.

To this petition an exception of no cause of action was filed and maintained. Plaintiff appeals.

The exception was based upon two grounds: First, that the delivery to the railroad company, and its acceptance of the sugar for transportation, was a delivery and acceptance by the buyer, plaintiff herein, which precluded plaintiff from thereafter complaining of the nature of the containers or the manner of loading the sugar. Second, that the expenses of the first suit are not chargeable against defendant.

Delivery to the carrier is delivery to purchaser under the circumstances obtaining here, but the seller is obliged to deliver the thing sold in proper condition. He cannot excuse his negligence by pointing to the delivery. If as plaintiff alleges the barrels containing the sugar were not properly constructed and not properly packed in the car plaintiff should recover, regardless of the provision in he contract as to the point of delivery. The expense of delivering the thing is chargeable to the buyer. R. C. C. 2483.

"The seller must put the goods in deliverable condition. The provision of the Sales Act throwing upon the seller the expense of putting the goods in a deliverable state is copied from the English Sales of Goods Act, which in turn seems to have taken it from the French Civil Code. The provision is declaratory of the law and seems to be a necessary consequence of the duty of the seller to deliver the goods bargained for." Williston on Sales, p. 785.

It is unnecessary to discuss the second ground urged by defendant since we are of opinion that the petition does disclose a cause of action in other respects.

The judgment appealed from is reversed and it is now ordered that the exception of no cause of action filed herein be overruled and this case remanded for further proceedings consistent with the views herein expressed.